UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **VILLAGE PLACE TEXAS, LLC**<br><br>*Plaintiff,*<br><br>v.<br><br>**ATS REAL ETATE, LLC and ATS INVESTMENTS, LLC,**<br><br>*Defendants,*<br><br>-and-<br><br>**ATS ODESSA II, LLC,**<br><br>*Nominal Defendant.* | Civil Action No. 7:18-cv-197<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

## PARTIES

1. Plaintiff Village Place Texas LLC ("Village Place") is a New York limited liability company.

2. Defendant ATS Real Estate, LLC ("ATS Real Estate") is a Delaware limited liability company that conducts business at 1 Embarcadero Center, Suite 400, San Francisco, CA 94111. ATS Real Estate is not registered to do business in Texas and may be served through the Texas Secretary of State.

3. Defendant ATS Investments, LLC ("ATS Investments") is a Delaware limited liability company that conducts business at 1 Embarcadero Center, Suite 400, San Francisco, CA 94111. ATS Investments is not registered to do business in Texas and may be served through the Texas Secretary of State.

4. Nominal Defendant ATS Odessa II LLC ("ATS Odessa") is a Delaware limited liability company that conducts business at 1 Embarcadero Center, Suite 400, San Francisco, CA 94111. ATS Odessa may be served through its registered agent, Vcorp Services, LLC, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION

5. The Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states and the amount in controversy exceeds $75,000.

6. Plaintiff Village Place is a New York limited liability company whose members are all individuals who are citizens of New York.

7. Defendant ATS Real Estate is a limited liability company and has a single member, Defendant ATS Investments. Defendant ATS Investments is a limited liability company and has two members: David Silberman and Aaron Gorin. Messrs. Silberman and Gorin are citizens of California.

## VENUE

8. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the suit occurred in this district.

## FACTS

9. In January 2015, Village Place and ATS Real Estate LLC formed ATS Odessa to purchase and operate an apartment complex (the "Property") in Ector County, Texas.[1]

---

[1] The Property is located at 1219 Milburn Avenue, Odessa, Texas 79761. Three tracts comprise the property.

- **Tract I**: Lots 1-16, Block 56, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 3, Page 414, Deed Records, Ector County, Texas.
- **Tract II**: Lots 1-16, Block 57, PARK ADDITION, an Addition to the City of Odessa, Ector County, Texas, according to the map or plate thereof of record in Volume 3, Page 414, Deed Records, Ector County, Texas.

10. Village Place owns 90 percent of the economic interest in ATS Odessa.

11. ATS Real Estate owns 10 percent of the economic interest in ATS Odessa and serves as ATS Odessa's manager.

12. In March 2015, ATS Odessa purchased the Property. ATS Odessa's manager, ATS Real Estate, led the negotiation and consummation of all aspects of the transaction through the managers of its respective manager, David Silberman and Aaron Gorin.

13. ATS Odessa financed the acquisition through a $3,250,000 note (the "Promissory Note") in favor of MC-Five Mile Commercial Mortgage Finance LLC ("MC-Five").[2] ATS Odessa is the obligor under the Promissory Note, and its obligation is secured by a March 13, 2015 Deed of Trust (the "Deed of Trust").[3]

14. Through the Deed of Trust, ATS Odessa mortgaged the Property in favor of MC-Five and granted MC-Five the right to foreclose on the property in the event ATS Odessa failed to perform under the Promissory Note. The Deed of Trust reflects that ATS Odessa owns the Property.

15. David Silberman executed both the Deed of Trust and the Promissory Note for ATS Odessa.

16. There also is a recorded Special Warranty Deed, dated March 13, 2015 associated with ATS Odessa's acquisition of the Property (the "Deed").[4] The Deed, which is recorded in the

---

- **Tract III**: Lots 5-12, Block 29, COLLEGE ADDITION, an Addition to the City of Odessa, Ector County, Texas, according to the map or plat thereof of record in Volume 1, Page 63, Deed Records, Ector County, Texas, being that same property as conveyed by Document No. 2014-00019314, Official Public Records, Ector County, Texas.

[2] Ex. A, March 13, 2015 Promissory Note.

[3] Ex. B, March 13, 2015 Deed of Trust.

[4] Ex. C, March 13, 2015 Deed.

Ector County property records, incorrectly shows that Defendant ATS Investments—ATS Real Estate's manager—owns the property, rather than the true owner, ATS Odessa.

17. ATS Investments, who ultimately controls ATS Odessa, has had possession of the Deed since March 2015 but did nothing to correct its deficiency. ATS Investments did nothing despite knowing that ATS Odessa is the true owner of the property and is liable on the Promissory Note secured by the Deed of Trust.

## CLAIMS FOR RELIEF

A. **Count 1: Breach of the Fiduciary Duty of Care (against ATS Real Estate and ATS Investments).**

18. ATS Real Estate owes ATS Odessa a fiduciary duty because it is ATS Odessa's manager.

19. ATS Investments owes ATS Odessa a fiduciary duty because ATS Investments is ATS Real Estate's manager. At all relevant times, ATS Investments therefore had control over ATS Odessa's property—specifically, the Property—such that it owed ATS Odessa the fiduciary duties of care and loyalty.

20. ATS Real Estate, through ATS Investments, negotiated and consummated the purchase of the Property on behalf of ATS Odessa. Yet the Deed falsely indicates that ATS Investments, rather than ATS Odessa, owns the Property. ATS Real Estate's and ATS Investments' failure to correct this material mistake amounts to gross negligence and is a violation of the duty of care.

21. As a result of ATS Real Estate's and ATS Investments' collective breach, ATS Odessa improperly lacks legal title to the Property, even though it is obligated to pay on the Promissory Note. ATS Odessa has therefore suffered damages exceeding the value of the Property.

22. ATS Odessa seeks exemplary damages.

23. Village Place brings this derivative action on behalf of ATS Odessa in compliance with 6 Del. C. § 18-1002. The parties with authority to bring this action—ATS Real Estate and ATS Investments—are defendants to this proceeding. Therefore, any demand by Village Place that ATS Real Estate or ATS Investments bring suit on behalf of ATS Odessa would have been futile.

**B.     Count 2: Breach of the Fiduciary Duty of Loyalty (against ATS Investments).**

24. ATS Investments owes ATS Odessa a fiduciary duty because ATS Investments is the manager of ATS Odessa's manager, ATS Real Estate. At all relevant times, ATS Investments therefore had control over ATS Odessa's property—specifically, the Property—such that it owed ATS Odessa the fiduciary duties of care and loyalty.

25. ATS Real Estate, through ATS Investments, negotiated and consummated the purchase of the Property on behalf of ATS Odessa. Yet the Deed falsely indicates that ATS Investments, rather than ATS Odessa, owns the Property.

26. ATS Investments had possession of the incorrect Deed but took no action to ensure that ATS Odessa receive legal title to the property. ATS Investments' failure to act comprises a misappropriation of ATS Odessa's property. Its actions have befitted ATS Investments at the expense of ATS Odessa and are a breach of the duty of loyalty.

27. As a result of ATS Investments' breach of the duty of loyalty, ATS Odessa improperly lacks legal title to the Property, even though it is obligated to pay on the Promissory Note. ATS Odessa has therefore suffered damages exceeding the value of the Property.

28. ATS Odessa Seeks Exemplary Damages.

29. Village Place brings this derivative action on behalf of ATS Odessa in compliance with 6 Del. C. § 18-1002. The parties with authority to bring this action—ATS Real Estate and ATS Investments—are defendants to this proceeding. Therefore, any demand by Village Place that ATS Real Estate or ATS Investments bring suit on behalf of ATS Odessa would have been futile.

## C. Count 3: Action to Quiet Title (against ATS Investments)

30. ATS Odessa has an interest in the Property and is the rightful owner of the property.

31. ATS Odessa's title is adversely affected by ATS Investments' wrongful claim to the property.

32. ATS Investments' claim, although facially valid, is invalid and unenforceable.

33. ATS Odessa seeks a declaration that ATS Investments' claim to the property is invalid and ineffective.

34. Village Place brings this derivative action on behalf of ATS Odessa in compliance with 6 Del. C. § 18-1002. The parties with authority to bring this action—ATS Real Estate and ATS Investments—are defendants to this proceeding. Therefore, any demand by Village Place that ATS Real Estate or ATS Investments bring suit on behalf of ATS Odessa would have been futile.

## PRAYER

For the foregoing reasons, Plaintiff asks that the Court issue citations for Defendants ATS Real Estate and ATS Investments to appear and answer, and that Plaintiff be awarded judgment for actual damages, exemplary damages, prejudgment and post-judgment interest, and court costs. Plaintiff also seeks a declaration that ATS Investments' claim to title of the Property is invalid. Plaintiff further seeks all such relief to which it may be entitled.

DATED: November 6, 2018				Respectfully submitted,


							*/s/ Alan Dabdoub*
							Alan Dabdoub
							Texas Bar No. 24056836
							adabdoub@lynnllp.com
							Ben A. Barnes
							Texas Bar No. 24092085
							bbarnes@lynnllp.com
							**LYNN PINKER COX & HURST, LLP**
							2100 Ross Avenue, Suite 2700
							Dallas, Texas 75201
							Telephone: (214) 981-3800
							Facsimile: (214) 981-3839

							**ATTORNEYS FOR PLAINTIFF
							VILLAGE PLACE**